```
                    Environmental Court of Vermont
                           State of Vermont


==========================================================================
                E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

Perras & Sons Inc. 5-Lot Subdiv. Prelim. Plat     Docket No. 243-11-07 Vtec
Project:    Perras & Sons Subdivision Application
Applicant:  Perras & Sons Inc.
            (appeal from municipal planning commission determination)

Title:      Cross-Motions to Clarify, No. 4

Filed:      January 6, 2009

Filed By:   Stitzel, Steven F., Attorney for Interested Person Town of Georgia

Response and Cross-Motion to Clarify filed on 01/15/09 by Appellee/Applicant
      Perras & Sons Inc.


___  Granted                _X_ Denied                ___ Other
```

This appeal was the subject of a December 19, 2008 Entry Order, in which the Court placed the pending preliminary plat appeal on inactive status, pending the outcome of an application for final plat approval. The Town of Georgia ("Town") filed a motion to clarify our ruling in that Entry Order to note that the Town can raise the issues it is entitled to comment upon as an Interested Person in this appeal, even if final plat approval is granted and not appealed. Appellee/Applicant Perras & Sons Inc. ("Applicant") responded in opposition by filing its own motion to clarify, in which Applicant argues that if the Town does not participate in the final plat review of this project and no one files an appeal of the final plat review, any issues raised in this appeal would be moot.

We find both of these motions to be requests for an advisory opinion on what effects our December 19, 2008 Entry Order might have on future events that may or may not occur. We conclude that to answer these requests for an advisory opinion would not be proper. No matter how important it may be to resolve the legal questions presented here, to do so now would be to render an "advisory opinion prohibited by this State's Constitution." Chittenden S. Educ. Ass'n, Hinesburg Unit v. Hinesburg Sch. Dist., 147 Vt. 286, 294 (1986) (citing In re Constitutionality of House Bill 88, 115 Vt. 524, 529 (1949)). Thus, until the issue arises within an actual case and controversy, we cannot say whether the Town must appeal (or if it could appeal) the final plat review of this project to prevent the issues in this preliminary plat appeal from becoming moot. See Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991) (holding that an appeal becomes moot the moment an actual live controversy ceases to exist).

For these reasons, we DENY both motions. This case remains inactive, pending the outcome of the application for final plat approval. We remind Attorney Cahill of his ongoing obligation to submit a written report of the status of that final plat application by the 15th of every month, until that application is no longer pending before the Georgia Planning Commission.

_____ _____April 14, 2009_____
        Thomas S. Durkin, Judge                        Date

Date copies sent to:  _____        Clerk's Initials _____

Copies sent to:

   **Attorney Thomas G. Walsh for Appellants Richard & Karen Babcock, Rodolphe Vallee, Elizabeth Vallee, Gary Kupperblatt, Sandra Kupperblatt, and Dan & Lisa Jodoin**

   **Attorney Joseph F. Cahill Jr. for Appellee/Applicant Perras & Sons Inc.**

   **Attorney Steven F. Stitzel for Interested Person Town of Georgia**